UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:12-CV-00681-TBR

JOHN TOMASKOVIC                                                                                          Plaintiff,

v.

RIVER CITY GLASS, INC. d/b/a
McANDREWS WINDOWS AND GLASS                                                      Defendant.

# MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Motion for Partial Summary Judgment of Plaintiff John Tomaskovic. (Docket No. 40). Defendant River City Glass, Inc., d/b/a McAndrews Windows and Glass, ("McAndrews"), has responded, (Docket No. 46), and Tomaskovic has replied, (Docket No. 51). Fully briefed, this matter stands ripe for decision. For the reasons set forth below, Tomaskovic's Motion will be DENIED.

**Factual Background**

Tomaskovic's personal injury negligence action arises from an accident that occurred on April 17, 2012, when a heavy stack of plate glass windows crashed onto him. Tomaskovic, a truck driver, had delivered approximately seventy-two windows to a downtown worksite in Louisville, Kentucky. (McAndrews Dep., at 15:17-20.) They were strapped to the inside of his trailer in stacks of ten each, with each weighing approximately four-hundred pounds. (McAndrews Dep., at 52:5-6, 63:4-5, 67:6-7.) Tomaskovic, an employee of Blue Thunder Transportation/T&T Expediting, was not expected to help unpack the windows at the delivery site, as McAndrews had been contracted to unload and install them. (McAndrews Dep., at 44:10-18.)

1

That morning, Brendan McAndrews, co-owner of the company, and five employees arrived at the worksite to perform a job safety analysis. They considered how to avoid the potential hazards presented by the job, assigning the responsibilities of each team member and agreeing to change course if the circumstances so demanded. (McAndrews Dep., at 60:19 – 61:21.) At deposition, Mr. McAndrews explained the unloading process he formulated: one employee would unstrap the windows from the inside of the truck; another would place his hands against the stack of windows, stabilizing them; and two others would grasp the windows with suction cups to move them. (McAndrews Dep., at 42:19-24, 52:8-18.) Other McAndrews employees testified that the plan required two employees, not one, to stabilize the windows before they were unloaded. (McGee Dep., at 19:7-9; Clifton Dep., at 17:7-25.)

Although McAndrews' plan neither sought nor accounted for Tomaskovic's help, he nonetheless contributed throughout the process, unlatching ratchet straps and bracing windows. (McGee Dep., at 24:11-21; Clifton Dep., at 24:11-24.) Immediately before the accident, Tomaskovic and McAndrews employee Russell Clifton were alone in the truck, holding a stack of windows that had yet to be unstrapped. Tomaskovic released a ratchet strap on his side and began walking the strap toward Clifton. (Clifton Dep., at 28:8-15.) With Clifton alone bracing the windows as Tomaskovic walked, (Clifton Dep., at 33:1-3, 35:21 – 36:3), the four-thousand pound stack of windows began to fall. Although Clifton attempted to stop them, the windows nonetheless crashed onto Tomaskovic, trapping him under their weight. (Clifton Dep., at 28:17-22.) Tomaskovic suffered numerous injuries as a result, undergoing two surgeries and a ten-day hospital stay. He lives with a permanent work restriction and has incurred thousands of dollars in medical expenses. (Docket No. 40-1 at 4.)

Tomaskovic now seeks damages for Clifton's negligence from McAndrews, grounding his case in the theory of respondeat superior. In the instant Motion, Tomaskovic requests judgment as a matter of law regarding liability and causation, arguing that a jury need only ascertain the amount of damages that McAndrews must recompense. (Docket No. 40-1 at 11.)

**Legal Standard**

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; he must present evidence on which the trier of fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

Finally, while the substantive law of Kentucky is applicable to this case pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal Rule of Procedure 56, not Kentucky's summary judgment standard as articulated in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991). *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

**Analysis**

In order to state a negligence claim under Kentucky law, a plaintiff must establish the following elements: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). The standard of care applicable to such an action is that which "a reasonably prudent person would exercise under the circumstances." *Slusher v. Brown*, 323 S.W.2d 870, 827 (Ky. 1959).

The question of whether Clifton—and by extension, McAndrews—owed Tomaskovic a duty of a care is a question of law for the court to decide. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W. 2d 245 (Ky. 1992). Tomaskovic points to the "universal duty of care" by which Kentucky law requires each person to "exercise ordinary care in his activities to prevent foreseeable injury." *Grayson Fraternal Order of Eagles, Aerie No.3738 v. Claywell*, 736 S.W.2d 328 (Ky. 1987). But the Kentucky Supreme Court has recognized that the "universal duty of care" is not without limits. "The examination must be focused so as to determine whether a duty is owed, and consideration must be given to public policy, statutory and common law theories in order to determine whether a duty existed in a particular situation." *Id.* at 531 (quoting *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 849 (Ky. 2005)). Simply put, *Grayson* "is most emphatically *not* a jurisprudential panacea for litigants faced with an uphill

challenge in establishing the existence of a legal duty of care." *Estate of Vosnick v. RRJC, Inc.*, 225 F. Supp. 2d 737, 740 (E.D. Ky. 2002). Kentucky courts perceive no liability without first finding circumstances creating a relationship; only when such a relationship exists does one party owe a duty to another. *Jenkins v. Best*, 250 S.W.3d 680, 691 (Ky. Ct. App. 2007).

The most important factor in determining whether a duty exists is foreseeability." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003). Whether a risk is foreseeable depends largely upon what the defendant knew at the time of his alleged negligence: which course would be chosen by one with the "attention, perception of the circumstances, memory, knowledge of other pertinent matters, intelligence, and judgment" of a reasonable individual? *Id.* at 90 (quoting Restatement (Second) of Torts § 289(a)); *see also Mitchell v. Hadl*, 816 S.W.2d 183, 186 (Ky. 1991) (explaining that negligence liability depends on what the defendant knew at the time of the alleged negligence, not what he should have known in hindsight). Moreover, in weighing whether a given harm was foreseeable, the Court must consider the general foreseeability of harm: "It is enough that injury of some kind of some person within the natural range of effect of the alleged negligent act could have been foreseen." *Id.*

Turning to the facts presented by this case, the parties do not disagree that Clifton owed some form of duty to Tomaskovic; instead, their conflict revolves around the contours of this duty. The Court agrees with Tomaskovic that the harm that befell him was foreseeable. Indeed, McAndrews employees nearly anticipated the precise injury: Clifton testified that the team members discussed ways to support the windows to prevent them from falling. (Clifton Depo., at 16:3-14.) Another McAndrews staffer, William McGee, also recalled that the job safety analysis noted the potential hazard of falling windows. (McGee depo., at 16:8-12.) Because

McAndrews foresaw the very risk that transpired, the Court finds that the company owed a duty to protect Tomaskovic and other foreseeable plaintiffs from any resultant harm.

However, the Court will leave for a jury the question of whether McAndrews breached this duty. Generally, whether a defendant breached a duty constitutes a factual issue. *See Lewis v. B & R Corp.*, 56 S.W.3d 432 (Ky. Ct. App. 2001) (citations omitted). According to Tomaskovic, McAndrews' own safety plan effectively established the standard of care; when Clifton failed to adhere to it, his actions constituted a breach attributable to the company. (Docket No. 40-1 at 7-8.) The Court cannot agree. The company arguably established an internal policy, only to fall short of its directives. However, this failure does not automatically subject it to liability. Such alleged deficiencies do not independently serve as a basis for actionable negligence. *See Morgan v. Scott*, 291 S.W.3d 622, 632 (Ky. 2009).

The accident's proximate cause also presents a jury question, rendering summary judgment improper. To establish proximate causation, a plaintiff must prove that the defendant's negligence was a "substantial factor" in causing his injury. *Deutsch v. Shein*, 597 S.W.2d 141, 144 (Ky. 1980). The Court may determine causation only when no dispute exists as to the essential facts, permitting only one reasonable conclusion. *Pathways*, 113 S.W. at 92 (citing *McCoy v. Carter*, 323 S.W.2d 210, 215 (Ky. 1959)).

Tomaskovic himself admitted that he participated in the unloading process without instruction from McAndrews employees. (Tomaskovic Dep. at 86:24 – 87:7.) Although his assumed role involved removing the ratchet strips and applying pressure to the glass panes, he was not supporting the panes when they began to fall on him. (Tomaskovic Dep. at 53:23 – 54:6.) If a jury could accept Tomaskovic's contention that Clifton negligently failed to stabilize

6

the glass, so, too, could it determine that Tomaskovic himself negligently failed to do the same. Because reasonable minds could differ as to whether Clifton's conduct was a substantial factor in causing Tomaskovic's injuries, causation is properly left for the jury.

## Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff John Tomaskovic's Motion for Summary Judgment, (Docket No. 40), is DENIED.